[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This habeas petition was filed by the petitioner, Leonard Buster, on June 21, 1995. The petitioner thereafter filed an Amended Petition dated October 6, 1995 through which he alleges that his confinement is unlawful on the basis of his claim that the Commissioner of Corrections has erroneously calculated his effective release date from confinement. On June 7, 1996, the court conducted an evidentiary hearing on this petition during which the petitioner testified. The court also heard testimony from Department of Corrections Records Specialist Margo CT Page 6095 Gumkowski, through whom the respondent introduced into evidence the petitioner's time sheet as well as two Judgment Mittimuses pertaining to the petitioner. Based on the evidence adduced at the hearing the court makes the following findings and order.
The petitioner is currently an inmate in the custody of the Commissioner of Corrections.
On March 9, 1994, he was convicted in the Superior Court, Fairfield Judicial District, G.A. 2 in Bridgeport, of a violation of probation pursuant to the terms of Connecticut General Statutes § 53a-32. For this violation, the petitioner received a sentence of three and one half years to serve in confinement. Cf. Respondent's Exhibit A, Judgment Mittimus dated March 9, 1994. Thereafter, on August 5, 1994, the petitioner was convicted of the offense of Possession with the Intent to Sell a Controlled Substance in violation of C.G.S. § 21 a-277a for which he received a sentence of twelve years imprisonment suspended after serving eight years of confinement to be followed by three years of probation. This sentence was ordered to served concurrently with the sentence the petitioner was then serving. Cf. Respondent's Exhibit B, Judgment Mittimus dated August 5, 1994.
The petitioner raises two issues. He claims that he was not credited with the proper amount of pre-conviction jail time credit, and he claims that his time sheet actually reflects a total effective sentence with an upper limit of nine instead of eight years. The petitioner is in err.
At the habeas hearing, and upon hearing the testimony of Ms. Gumkowski, the petitioner acknowledged that he had, in fact, been credited with the appropriate amount of jail time. The court agrees. The petitioner was arrested on March 8, 1993 and held for one year and a day in lieu of bond in pretrial confinement until his sentencing on March 9, 1994. Thereafter, since he was a sentenced prisoner as of March 9, 1994, he was not entitled to jail time credit toward his subsequent August 5, 1994 sentence for the days spent in confinement between March 9, 1994 and his subsequent August 5, 1994 sentencing date. Preconfinement Jail time is available only to those individuals whose only reason for pre-trial incarceration is that they are not able to post bond. Cf. C.G.S. § 18-98d.
As to the petitioner's claim that his time sheet reflects CT Page 6096 that he is actually serving a sentence with an upper limit of nine years, he is factually incorrect. The petitioner's present time sheet has an initial posting date of August 5, 1994. Cf. Respondent's Exhibit C, the petitioner's Department of Corrections Time Sheet. The time sheet reflects that as of that date, the petitioner's release date was August 4, 2002, reflecting a total of eight years in accordance with his Judgment Mittimus. The petitioner urges the court to accept the proposition that since he was then entitled to a year and a day of preconfinement jail time, his release date should have been stated as August 4, 2001. The petitioner ignores, however, the fact that his time sheet reflects that on October 20, 1994, his time sheet contains a posting of three hundred and sixty five days of jail credit for the period of March 9, 1993 to March 9, 1994 during which he was held in lieu of bond. Thus, he has been given proper credit for the time of his pretrial confinement. In addition, on the same posting date, he was given credit in the amount of one hundred twenty one days as jail time good credit for the same time period. Thus, the petitioner has been credited with all of his statutory entitlement.
For the reasons stated, the petition is dismissed.
Bishop, J.